BERRY BIRD, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Where an instruction on circumstantial evidence omits a qualification to the effect that if such evidence is of a character that it leaves a reasonable doubt of defendant's guilt upon the mind of the jury the defendant should be acquitted, but it is immediately followed by another instruction to the effect that the accused is presumed to be innocent of crime, and that such presumption of innocence continues throughout every stage of the trial until it is overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt, and in other portions of the charge and instructions given, the jury are repeatedly told that they must not convict the accused unless they believe from the evidence beyond a reasonable doubt that he is guilty, such omission can not be held to render the instruction erroneous.
2.  Evidence examined and found sufficient to support the verdict.

Writ of Error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the Court.

*Hodges & Hodges* and *John Eagan,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

The plaintiff in error was at the Spring term, A. D. 1901, of the Circuit Court of Leon county indicted for the murder of one E. J. Breck, the indictment charging murder in the first degree.      He was tried at the same term, found guilty of manslaughter, and after denying his motion for a new trial the court 'imposed sentence upon him, from which he sued out this writ of error.

The errors assigned relate to the ruling denying the motion for a new trial.  They complain that the verdict is contrary to the law, the evidence and the charge of the court, and that the court erred in giving a certain paragraph of the charge relating to circumstantial evidence.

After a careful consideration of the evidence we are of opinion that it is sufficient to support the verdict found, and that the verdict is not contrary to the law or the charge of the court.  It is specifically contended that the evidence does not show a mortal wound, and that it does not establish the dimensions of the wound as alleged in the indictment.    In our opinion the evidence was entirely sufficient for the jury to find that the wound was mortal; that deceased died therefrom, and (if essential to be proven, which we neither affirm nor deny) that the wound was substantially of the dimensions alleged in the indictment.

The instruction complained of was as follows: When circumstantial evidence is relied upon to obtain a conviction of a person charged with crime it is not only necessary that the circumstances all concur to show that the defendant committed the crime, but that all be inconsistent with any other rational conclusion. Plaintiff in error admits in his brief that the instruction announced a cor-

rect proposition of law applicable to the case, but contends that there should have been added to it a qualification to the effect that if the circumstantial evidence left a reasonable doubt of guilt upon the minds of the jurors they should acquit. The court gave, in connection with and immediately following the instruction, another to the effect that the accused is presumed to be innocent of crime, and that presumption of innocence continues throughout every stage of trial until it is overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. In other portions of the charge and in the instructions given on behalf of plaintiff in error the jury were repeatedly told that they must not convict the accused unless they believed from the evidence beyond a reasonable doubt that he was guilty. We are of opinion that, taking the entire instructions given to the jury, the plaintiff in error has no ground to complain of the alleged omission in the instructions mentioned, and that the instruction complained of is not faulty in the respect contended for.

The judgment of the Circuit Court is affirmed.